**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

DANIEL IRELAND                                                                                    PLAINTIFF

V.                                         1:14CV00010-JJV

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration                                                                 DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Wesley Ireland, appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and for supplemental security income ("SSI") benefits under Title XVI of the Act. For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.      BACKGROUND**

On August 8, 2011, Mr. Ireland protectively filed for DIB and SSI benefits due to severe scoliosis, a missing lung, asthma, and right ear deafness. (Tr. 200) Mr. Ireland's claims were denied initially and upon reconsideration. At Mr. Ireland's request, an Administrative Law Judge ("ALJ") held a hearing on January 29, 2013, where Mr. Ireland appeared with his lawyer. (Tr. 21) At the hearing, the ALJ heard testimony from Mr. Ireland and a vocational expert ("VE"). (Tr. 22-42)

The ALJ issued a decision on March 15, 2013, finding that Mr. Ireland was not disabled under the Act. (Tr. 8-16) The Appeals Council denied Mr. Ireland's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3)

Mr. Ireland, who was thirty-four years old at the time of the hearing, has a tenth grade education. (Tr. 26-27) He has past relevant work experience as a gas station attendant, metal products assembler, and sheet metal worker. (Tr. 14, 32)

## II.   DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Mr. Ireland had not engaged in substantial gainful activity since August 8, 2011, and he had the following severe impairments: asthma, right ear deafness, degenerative disc disease, scoliosis, and a history of polysubstance abuse.  (Tr. 10)  However, the ALJ found that Mr. Ireland did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 11)

According to the ALJ, Mr. Ireland has the residual functional capacity ("RFC") to do light work, except that he is deaf in his right ear; can only occasionally climb, stoop, kneel, crouch, and crawl; can have no exposure to temperature extremes, heavy chemicals, fumes, dusts, or heavy humidity; is limited to unskilled or low semiskilled activity; and can understand, remember, and carry out concrete instructions.  (Tr. 11)  The VE testified that the jobs available with these limitations were cafeteria attendant and price tagger.  (Tr. 41)

After considering the VE's testimony, the ALJ determined that Mr. Ireland could perform a significant number of other jobs existing in the national economy, and found that Mr. Ireland was not disabled.

## III.   ANALYSIS

### A.   Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is

---

[1] The ALJ followed the required sequential analysis to determine (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

substantial evidence in the record as a whole to support the decision.[3]  Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

**B.     Mr. Ireland's Arguments for Reversal**

Mr. Ireland asserts that the Commissioner's decision should be reversed because it is not supported by substantial evidence.  Specifically, Mr. Ireland contends that the opinion is in error because the ALJ (1) failed to find that Mr. Ireland meets listing 1.02(A), (2) erred in his RFC finding, and (3) failed to submit a proper hypothetical to the VE.  (Doc. No. 11)

    1.     Failure to Assess Listing

Mr. Ireland argues that the ALJ erred in not finding he met listing 1.02(A).  (*Id.*)  Listing 1.02(A) is for "Major dysfunction of a joint(s) (due to any cause)" and reads:

> Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>
> A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b; or . . . .[6]

To meet or equal a listing, Mr. Ireland must prove that he met all of the specific medical

---

[3]*Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4]*Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5]*Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

[6]20 C.F.R. Part 404, Subpt. P, App. 1, § 1.02.

criteria.[7]  In his brief, Mr. Ireland contends that his severe scoliosis affects his ability to ambulate effectively.  Though he cites several references to the affects of his scoliosis, the only mention of ambulating is Mr. Ireland's testimony that he has trouble getting on his feet from the bed or the couch.

The issue is not whether there was evidence to support Mr. Ireland's claim of disability, but whether there was substantial evidence to support the ALJ's decision.[8]  There is substantial evidence to support the ALJ's finding that Mr. Ireland's impairment did not result in "inability to ambulate effectively."  A few examples are that (1) Mr. Ireland indicated that he could walk thirty minutes before experiencing pain; (2) he takes care of his three children; (3) he testified that things get a little better once he gets to his feet (so getting up is the hard part, not getting around); he vacuums, makes beds, and does dishes; and (4) he does not use, nor has he been prescribed, any devices (cane, crutches, walker, etc.) to help with his mobility.  (Tr. 36, 37, 147, 151, 154, 155)  Nothing in the medical records indicates that Mr. Ireland is unable to ambulate effectively.  The only relevant evidence pointed out by Mr. Ireland -- his testimony about getting out of bed or off the couch -- does not rise to the level required by the listing.  Although Mr. Ireland clearly suffers from some limitation, the treatment records do not support Mr. Ireland's contention that this impairment met or equaled listing 1.02(A).

    2.    RFC of Light Work

Mr. Ireland asserts that the ALJ discredited his "complaints of chronic pain, without a substantial basis," and erred by finding that Mr. Ireland was capable of light work.  (Doc. No. 11)

---

[7]*Marciniak v. Shalala*, 49 F.3d 1350, 1353 (8th Cir. 1995).

[8]*Davis v. Apfel*, 239 F.3d 962 (8th Cir. 2001) ("We may not reverse merely because substantial evidence also exists that would support a contrary outcome, or because we would have decided the case differently.")

Again, the ALJ recognized that Mr. Ireland "raises his three children, has no problems with personal care, prepares meals, does house work, drives, goes shopping, and hunts and fishes." (Tr. 13, 153) The ALJ also properly noted that Mr. Ireland stopped working, not because of his disability, but because his employer was laying off people. (Tr. 13)

There were other reasons for the ALJ to discredit the severity of Mr. Ireland's complaints. For example, Mr. Ireland complained that he has shortness of breath, asthma, and only one and one-half lungs, yet he continues to smoke. (Tr. 38-39) He also complained that he could not afford medications. (Tr. 36) Though Mr. Ireland testified that he cut down on his smoking significantly, he smoked throughout the alleged disability period. Smoking is an expensive, ongoing habit that can be considered when weighing Mr. Ireland's credibility.[9] Additionally, it is a habit that directly exacerbates his medical conditions. Yet, he has continued to smoke despite repeatedly being directed to stop by his treating doctors.

Finally, it is worth noting that Mr. Ireland's alleged onset date was August 8, 2011, and his hearing was in January 2013; yet, there are no medical records since late 2011.[10]

    3.    Proper Hypothetical

Mr. Ireland contends that the ALJ's hypothetical was in error because it involved light work, and he "cannot stand and walk 6 hours in an 8 hours day due to his severe scoliosis." (Doc. No. 11) An ALJ need not include limitations for impairments that the he did not find credible.[11] Based on

---

[9] *Mouser v. Astrue*, 5454 F.3d 634, 638 (8th Cir. 2008) (holding that "there is no dispute that smoking has a direct impact on [claimant's] pulmonary impairments. Thus, the ALJ appropriately considered [his] failure to stop smoking in making his credibility determination.").

[10] *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir.2003) (An ALJ may weigh the credibility of a claimant's subjective complaints of pain by considering multiple factors, including whether or not the claimant seeks regular medical treatment.).

[11] *Howe v. Astrue*, 499 F.3d 835, 842 (8th Cir. 2007) (holding that a hypothetical "need only include impairments that are supported by the record and that the ALJ accepts as valid").

5

the record as a whole, the ALJ found that Mr. Ireland was capable of light work. This finding was supported by the medical evidence (or lack thereof) and the findings of the state agency consultants, which were given "some weight." (Tr. 14) In his brief, Mr. Ireland points out no evidence to the contrary.

**IV.   CONCLUSION**

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the record as a whole to support the Commissioner's decision.

Accordingly, the Commissioner's decision is affirmed and Mr. Ireland's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 22nd day of August, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE